Filed 10/6/15  P. v. Worthen CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>MATTHEW ALBERT WORTHEN,<br><br>　　　Defendant and Appellant. | B259319<br><br>(Los Angeles County<br>Super. Ct. No. MA060933) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed.

Carlo Andreani, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

## FACTUAL AND PROCEDURAL BACKGROUND

The People charged Matthew Albert Worthen in an information with murder (Pen. Code, § 187, subd. (a)) and assault on a child causing death (Pen. Code, § 273ab, subd. (a)), after Worthen beat to death the two-year-old daughter of his girlfriend. Worthen pleaded not guilty.

Worthen entered a negotiated plea of no contest to second degree murder. At the time he entered his plea, the court advised Worthen of his constitutional rights and the nature and consequences of the plea, which he stated he understood. Counsel for Worthen joined in the waivers of Worthen's constitutional rights, concurred in the plea, and stipulated to a factual basis for the plea. The trial court found that Worthen's waivers and plea were voluntary, knowing, and intelligent, and that there was a factual basis for the plea based on counsel for Worthen's stipulation.

On September 8, 2014 Worthen moved to withdraw his plea on the ground he did not have sufficient time to contemplate the nature and consequences of the plea. The trial court denied the motion and sentenced Worthen, in accordance with the plea agreement, to an indeterminate term of 15 years to life for second degree murder with no pre-sentence custody credit because Worthen had waived the custody credit he had earned. The court ordered Worthen to pay statutory fines, fees, and assessments. The court dismissed the remaining count on the People's motion.

On September 24, 2014 counsel for Worthen filed a notice of appeal in which he checked the preprinted boxes indicating his appeal "challeng[ed] the validity of the plea or admission" and the trial court's "refusal to appoint expert witnesses and unfavorable/prejudicial CEC 402 rulings." In his request for a certificate of probable cause, Worthen asserted the plea was invalid because the trial court had improperly refused to appoint expert witnesses, violated his due process rights, made prejudicial pretrial rulings, violated his Sixth Amendment rights, and improperly denied his motion to withdraw his plea. The notice of appeal indicates the superior court clerk's office

2

received it but did not file it. On September 24, 2014 the trial court denied Worthen's request for a certificate of probable cause and notified counsel for Worthen by mail.

On October 1, 2014, Worthen timely filed a notice of appeal in which he checked the preprinted box indicating his appeal was "based on the sentence or other matters occurring after the plea."

## DISCUSSION

We appointed counsel to represent Worthen on appeal. After examination of the record, counsel filed an opening brief raising no issues. On June 10, 2015 we advised Worthen he had 30 days to submit any contentions or issues he wanted us to consider. We have not received a response.

With respect to potential sentencing or post-plea issues that do not challenge the validity of the plea (see Cal. Rules of Court, rule 8.304(b)(1)), we have examined the record and are satisfied appellate counsel for Worthen has fully complied with the responsibilities of counsel and there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.


       SEGAL, J.

We concur:


       PERLUSS, P. J.                                 BECKLOFF, J.[*]

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.